IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

KEVIN VALDIZAN, et. al.

  Plaintiffs

    v.                               **CIVIL NO. 02-2162 (JAG)**

VICTOR RIVERA, et. al.

  Defendants

### **REPORT AND RECOMMENDATION**

This is a Section 1983 action wherein plaintiffs allege that defendants violated their First Amendment and Due Process rights. Before the Court is defendant Victor Rivera Hernández's[1] motion for summary judgment (Docket No. 38) and plaintiffs' opposition thereto (Docket No. 47). Upon due consideration, the Court concludes that summary judgment must be granted with respect to all the claims of plaintiff María Cedeño and Loyda López Rosario, as well as the due process claim of plaintiff Kevin Valdizán. The Court also concludes that summary judgment must be denied as to the First Amendment claim of plaintiff Kevin Valdizán.

### **I. Plaintiff Carmen Cedeño**

Cedeño was an irregular or "transitory" employee who performed maintenance work at the Department of Labor, and, whose last contract ended on September 30, 2001. See Defendant's Rule 56(b) statement (Docket No. 38) at ¶ C 6; Plaintiff's Rule 56(c) counterstatement (Docket No. 47) at ¶ 20. As such, she did not have a property interest in continued employment beyond the expiration of her contract. See Nieves Villanueva v. Soto Rivera, 133 F. 3d 92, 94 (1st Cir. 1997); Caso v. Aponte Roque, 878 F. 2d 1, 4-5 (1st Cir. 1989). Consequently, plaintiff's due process claim must be dismissed.

As to plaintiff's political discrimination claim, the following facts are not in dispute. She is not a member of any political party and does not vote (because she is not a United States Citizen).

---

[1] The two other named defendants in this case were never served with process.

**CIVIL NO. 02-2162 (JAG)**   2

See Defendant's Rule 56(b) statement (Docket No. 38) at ¶ 11; Plaintiff's Rule 56(c) counterstatement (Docket No. 47) at ¶ 25.

In order to prevail against a summary judgment challenge, a plaintiff in a First Amendment case must point to evidence of record, which if credited, would permit a rational fact finder to conclude that the challenged personnel action (here, a failure to re-hire) occurred and stemmed from a politically based discriminatory animus. González de Blasini v. Family Dept., 377 F. 3d 81, 85 (1st Cir. 2004). Here, the plaintiff has failed to adduce *admissible* evidence to the effect that defendant was aware she was a NPP sympathizer. See Id. Her only bit of evidence is the hearsay statement that an employee of the Labor Department, Ms. Carmen Díaz, informed plaintiff that she was told plaintiff would not be appointed because she campaigned for NPP candidate Carlos Pesquera (Plaintiff's deposition at page 22, lines 12-15 (original Spanish version) (Docket No. 47). Such double-hearsay, fails to identify who made the statement to Ms. Díaz, and hence cannot be considered by the Court to challenge a summary judgment motion. See Vázquez v. López Rosario, 134 F. 3d 28, 34 (1st Cir. 1998) (holding that unattributed statements by party-opponents cannot be admissible as the original declarant is unknown). Consequently, plaintiff has not met the burden of showing that her political affiliation was a substantial or motivating factor for the challenged employment action.

## II. Plaintiff Kevin Valdizán

At the outset, the Court notes that plaintiff's position is a trust position.[2] The Court will assume, however, that said position does not fall within the Elrod-Branti exception, hence plaintiff could not be removed therefrom for politically-based reasons.

In this respect, defendant stated at his deposition that he was unaware of plaintiff's political affiliation. See Rule 56 (b) statement (Docket No. 38) at ¶ A-16. Said statement, however, is countered by the alleged statement of Human Resources Director Carmen Rosario Morales to the effect that all employees such as plaintiff in the School to Work Program could be freely removed

---

[2] Plaintiff does not contest that he holds a career position.

**CIVIL NO. 02-2162 (JAG)**                                                3

because they had been appointed by the previous NPP administration. See Rule 56 (c) counterstatement (Docket No. 47) at ¶ 9; plaintiff's Spanish deposition at page 61. This latter statement falls within the admission of party-opponent exception to the hearsay rule. See Fed. R. Evid. 801(d)(2); Vázquez, 134 F. 3d at 35. The statement is also indicative that defendant was aware that employees holding trust positions were NPP sympathizers. Consequently, the Court is left with factual credibility determinations, which cannot be disposed of summarily, but rather fall within the jury's province.

Defendant adduces in addition the fact that plaintiff, prior to this termination, was engaged in a scuffle with another employee during working hours. See Rule 56 (b) statement at ¶¶ 12-14. As a consequence thereof, the Human Resources Director, Ms. Rosario, recommended to defendant that both employees be terminated. This is alleged by defendant to be the true reason for the dismissal. Defendant, the Secretary of the Department of Labor, however, testified at his deposition that he did not review the incident report and recommendation, but rather relied on a verbal report by Ms. Rosario to the effect that a fight had taken place. See plaintiff's Rule 56 (c) statement at ¶ 14; defendant's deposition at page 4. Again, the Court is left with a credibility and weight of the evidence determination as to the ultimate issue of "but-for causation". See, e.g., Sánchez López v. Fuentes Pujols, 375 F. 3d 121, 131 (1st Cir. 2004). The same is thus appropriately left for the jury's ultimate consideration.

In his summary judgment motion, defendant also suggests that plaintiff's trust position falls within the Elrod-Branti[3] exception. If this is the case, the defendant could remove plaintiff even based on political reasons. Whether plaintiff's position falls under the Elrod-Branti exception is a fact-intensive question which the Court, and not the jury, must resolve. Ortiz Piñero v. Rivera Arroyo, 84 F. 3d 7, 12 (1st Cir. 1996).

A review of plaintiff's functions as Finance Director II as per his job description (see Exhibit 9 to plaintiff's opposition) shows that it deals with the formulation and implementation of public

---

[3] Branti v. Finkel, 445 U.S. 507 (1980); Elrod v. Burns, 427 U.S. 347 (1976).

**CIVIL NO. 02-2162 (JAG)**                                          4

policy in the School to Work program. Notwithstanding, the position is supervised by an executive director of the program. (see id.).

With only the job description, the Court is not in a position to conclude with certainty at this stage that the Finance Director II position is an Elrod-Branti position. Rather, an evidentiary hearing is required to determine, for example, among other matters, whether, (i) plaintiff supervised others, (ii) whether he was appointed without any competition and/or interview process, (iii) what exactly the duties in the written job description entail; and, (iv) whether his decisions must always be reviewed and approved by the Executive Director. See, e.g. Reyes Cañada v. Rey Hernández, __F. Supp. 2d__, 2004 WL 2314535 * 2 (D.P.R. 2004).

Consequently, defendant's motion for summary judgment must be DENIED as to plaintiff's First Amendment claim.

Plaintiff's due process claim, however, fails. Under Puerto Rico law, a trust position is subject to at-will removal. P.R. Laws Ann. tit. 3 § 1350. Thus plaintiff does not hold a property interest in his position. See Ortíz Píñero, 84 F. 3d at 17.

### III. Plaintiff Loyda López Rosario

At the outset, again the Court notes that plaintiff's position is a trust one and that plaintiff does not suggest that she holds a career position. There is also no dispute as to the fact that plaintiff held the position of Director of the Information System Training Center under the position of Executive Director II. Defendants do not contend that the Elrod-Branti exception applies to plaintiff's position, and a review of its duties (see Exh. 29 to plaintiff's opposition (Docket No. 47)) leads the Court to conclude that it does not. Accordingly, the Court must follow the Mount Healthy[4] analysis in the summary judgment context. Because, she was a trust position employee, however, she does not have a viable due process claim. See Ortíz Piñero, 84 F. 3d at 17.

Assuming that plaintiff has presented her prima facie case of political discrimination, she has nonetheless failed to create an issue of fact to the effect that political affiliation was the but-for cause

---

[4] Mt. Healthy City Bd. of Educ. v. Doyle, 429 U.S. 274 (1977).

**CIVIL NO. 02-2162 (JAG)**                5

of her termination. See Sánchez López 375 F. 3d at 131. In his summary judgment motion and Rule 56(b) statement, defendant adduces that the Department of Labor underwent a reorganization plan, which culminated in the elimination of plaintiff's trust position. See Rule 56 (b) statement (Docket No.38) at ¶¶ B-13-18. Plaintiff does not counter said reasons in her Rule 56(c) counterstatement.[5] As such, plaintiff has not raised a genuine issue of material fact to question whether the reorganization was indeed a pretext for political discrimination. Cf. Rodríguez Ríos v. Cordero, 138 F. 3d 22, 26 (1st Cir. 1998) (holding that summary judgment is warranted only if defendant's proffer compels the finding that political discrimination did not constitute a but-for cause); Alicea v. P.R. Tourism Co., 270 F. Supp. 2d 243, 250 (D.P.R. 2003) (García Gregory, J.) (same). Hence, the plaintiff's claim need not be determined by a jury.

## IV. Eleventh Amendment and Qualified Immunity

The remaining plaintiff's claims against defendant are clearly not shielded by the Eleventh Amendment. Nor are plaintiff's claims against defendant (or his successor) in his official capacity barred to the extent they are limited to any prospective injunctive relief. See Nieves Marquez v. Commonwealth of P.R., 353 F. 3d 108, 123 (1st Cir. 2003).

Defendant has also asserted the defense of qualified immunity. Here, however, the plaintiff has alleged sufficient facts that if true would amount to a First Amendment claim (unless the Elrod-Branti doctrine applies). Because factual disputes as to political animus exist, the Court cannot grant defendant's qualified immunity motion at this time. See Padilla García v. Rodríguez, 212, F. 3d 69, 74 (1st Cir. 2000). More so, it has been clearly established since the Supreme Court decided Rutan v. Republican Party of Illinois, 497 U.S. 62 (1990) that an employee may not be discriminated on the basis of his First Amendment right to political affiliation, with the exception of cases falling under the Elrod-Branti doctrine.

## V. Conclusion

In sum, the defendant's motion for summary judgment (Docket No. 38) must be **GRANTED**

---

[5] See Local Rule 56(c); Cosme Rosado v. Serrano Rodríguez, 360 F. 3d 42, 46 (1st Cir. 2004).

**CIVIL NO. 02-2162 (JAG)**                               6

in its entirety, except as to the First Amendment claim of plaintiff Kevin Valdizán, subject to a determination that his position does not fall under the Elrod-Branti exception. The claims of plaintiffs María Cedeño and Loyda López Rosario, in turn, must be dismissed under Fed. R. Civ. P. 56(c).

Under the provisions of 28 U.S.C. § 636 and Rule 72(d), Local Rules, District of Puerto Rico, any party who objects to this report and recommendation must file a written objection thereto with the Clerk of the Court within ten (10) days of the party's receipt of this report and recommendation. The written objections must specifically identify the portion of the recommendation, or report to which objection is made and the basis for such objections. Failure to comply with this rule precludes further appellate review. See Thomas v. Arn, 474 U.S. 140, 155 (1985), reh'g denied, 474 U.S. 1111(1986); Davet v. Maccorone, 973 F.2d 22, 30-31 (1st Cir. 1992).

**SO RECOMMENDED.**

In San Juan, Puerto Rico, this 9th day of November, 2004.

*S/ Gustavo A. Gelpí*
**GUSTAVO A. GELPI**
United States Magistrate-Judge