IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

KEVIN VALDIZAN, et al.
    **Plaintiff(s)**

    v.

VICTOR RIVERA-HERNANDEZ
    **Defendant(s)**

CIVIL NO. 02-2162 (JAG)

**OPINION AND ORDER**

GARCIA-GREGORY, D.J.

On August 5, 2002, plaintiffs Kevin Valdizan ("Valdizan"), Maria Cedeño-Rijos ("Cedeño), and Loyda Lopez-Rosario ("Lopez") filed suit, under 42 U.S.C. §1983, against Victor Rivera-Hernandez ("Rivera"), in his personal and official capacity as Secretary of the Department of Labor for alleged violations of their First and Fourteenth Amendment rights. On December 9, 2003, defendant Rivera filed a motion for summary judgment (Docket No. 38), which was referred to Magistrate-Judge Gustavo A. Gelpi for a Report and Recommendation. (Docket No. 60).

Pending before the Court are the parties' objections to Magistrate-Judge Gustavo A. Gelpi's Report and Recommendation (Docket Nos. 62, 67). After reviewing the Magistrate Judge's finding, as well as the parties' timely objections, the Court **ADOPTS** the Report and Recommendation in its entirety and, therefore, dismisses all claims against Rivera, except for Valdizan's First

Civil No. 02-2162                                                                 2

Amendment Claim.

## **STANDARD OF REVIEW**

A district court may, on its own motion, refer a pending matter to a United States Magistrate-Judge for a report and recommendation. See 28 U.S.C. §636(b)(1)(B); Fed.R.Civ.P. 72(b); Rule 503, Local Rules, District of Puerto Rico. Pursuant to Federal Rule of Civil Procedure 72(b) and Local Rule 72(d), the adversely affected party may contest the report and recommendation by filing written objections "[w]ithin ten days of being served" with a copy of the order. 28 U.S.C. § 636(b)(1). Aside from being filed in a timely manner, objections "shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the legal basis for such objection." Local Rule 72(d). The Court must then make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. See United States v. Raddatz, 447 U.S. 667, 673 (1980); Lopez v. Chater, 8 F. Supp. 2d 152, 154 (D.P.R. 1998). The Court may accept, reject or modify, in whole or in part, the Magistrate-Judge's recommendations. "Failure to raise objections to the Report and Recommendation waives [that] party's right to review in the district court and those claims not preserved by such objections are precluded on appeal." Davet v. Maccarone, 973 F.2d 22, 30-31 (1st Cir. 1992)(citations omitted).

**FACTUAL BACKGROUND**

A. <u>Plaintiff Carmen Cedeño</u>

Plaintiff Cedeño is a Dominican citizen with legal residence in the United States and therefore an ineligible voter. (Docket No. 1 at ¶10). On March 5, 2001, Cedeño was hired as an irregular or "transitory" employee to perform maintenance work at the Department of Labor. <u>See</u> Defs. Rule 56(b) statement (Docket No. 38) at ¶C6; Plffs. Rule 56(b) statement (Docket No. 47) at ¶20. Cedeño's transitory employment contract was not renewed by the Department of Labor, thus, upon the expiration of the contract, she was terminated from employment. (Id.) Cedeño contends that her employment termination was without just cause and that the decision not to rehire her was substantially motivated by her political affiliation to the NPP.

B. <u>Plaintiff Loyda Lopez</u>

Plaintiff Lopez was the Director of Information Systems at the Department of Labor, a trust position under the Department of Labor's Classification and Retribution Plan. (<u>See</u> Def. SUF at Exh. IX, XIII and XIV). On January 16, 2002, her position was eliminated after the agency underwent a reorganization. (<u>See</u> Docket No. 38 at ¶¶B13-18). Plaintiff Lopez contends she was not given a pre-termination hearing and that her dismissal was substantially motivated by her political affiliation to the NPP.

Civil No. 02-2162                                                              4

C. <u>Plaintiff Kevin Valdizan</u>

On January 1, 1998, Valdizan was appointed as a Financial Director II to the School to Work Federal Program, a trust position under the Department of Labor Classification and Retribution Plan. (<u>See</u> Def.'s SUF at Exh. III). On August 7, 2001, Plaintiff Valdizan and another employee engaged in a physical brawl during working hours. (<u>See</u> Plff.'s SCF at ¶4; Def.'s SUF at ¶12). Mrs. Carmen Rosario, the Human Resources Director for the Department of Labor, conducted an investigation of the incident and recommended that both employees be terminated from employment. (Def.'s SUF at ¶13; Exh. VII). On August 9, 2001, defendant Victor Rivera, based on verbal recommendations and discussions with Mrs. Rosario about the incident, terminated Valdizan's employment. (<u>Id</u>. at Exh. VII and XIX). Plaintiff Valdizan claims that his termination was politically motivated and that his due process rights were violated.

## DISCUSSION

### I. **General Legal Standards governing Plaintiff's Constitutional claims pursuant to 42 U.S.C. § 1983**

A. <u>Due Process</u>

Under the Due Process Clause of the Fourteenth Amendment, persons who possess a property interest in continued public employment cannot be deprived of that interest without due process of law. At a minimum, due process rights entitle such individuals to "notice and a meaningful opportunity to respond" prior to termination. <u>See</u> <u>Figueroa Serrano v. Ramos-Alverio</u>, 221 F.3d 1,6 (st

Civil No. 02-2162                                                              5

Cir. 2000). The Constitution does not create property interests; instead, "they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law...." Id. (citing Board of Regents v. Roth, 408 U.S. 567, 577 (1972). It is well settled law, under First Circuit precedent and Puerto Rico law, that irregular or transitory employees generally do not have a property interest in continued employment beyond their terms of appointment. See Nieves Villanueva v. Soto Rivera, 133 F.3d 92, 94 (1st Cir. 1997); Caro v. Aponte-Roque, 878 F.2d 1, 4-5 (1st Cir. 1989).

    B. First Amendment

    It is well established that political patronage restrains core activities protected by the First Amendment, such as the freedom of belief and association. Padilla Garcia v. Rodriguez, 212 F.3d 69, 74 (1st Cir. 2000). In claims of political discrimination in employment, a plaintiff has the burden to produce sufficient, direct or circumstantial, evidence from which a rational jury could find that his/her political affiliation was a substantial or motivating factor behind the adverse employment action, in other words establish causation. LaRou v. Ridlon, 98 F.3d 659, 661 (1st Cir. 1996); Acevedo Diaz v., Aponte, 1 F.3d 62, 66 (1st Cir. 1993). The employer must then articulate a non-discriminatory basis for the adverse employment action and establish by a preponderance of evidence, that it would have taken such action without regard to

Civil No. 02-2162                                                    6

plaintiff's political affiliation. <u>Mt. Healthy City Bd. of Educ. v. Doyle</u>, 429 U.S. 274, 287 (1977).

## II. **Plaintiffs' Objections**

Plaintiffs Cedeño, Lopez and Valdizan, as well as defendant Rivera, all filed timely objections to the Magistrate-Judge's Report and Recommendation (Docket Nos. 62,67). However, plaintiffs Cedeño and Valdizan failed to properly object to the due process portion of the Report and Recommendation. Accordingly, the Court shall review these portions without the benefit of a proper objection, and address the remaining objections to the extent that it is necessary and in conjunction with the different portions of the Magistrate's Report and Recommendation.

    1. <u>Plaintiff Cedeño</u>

        A. *Due Process Claim*

In the Magistrate-Judge's Report and Recommendation, the Magistrate concluded that Plaintiff Cedeño was a "transitory" employee, and as such, she did not have a property interest in continued employment beyond the expiration of her contract. Accordingly, the Magistrate-Judge recommended that Plaintiff's Cedeño's due process claim be dismissed.

Upon <u>de novo</u> review, the Court finds that Cedeño was dismissed at the expiration of her contract. (<u>See</u> Plff. SCF at ¶21). Cedeño, as an irregular employee, no longer has a property interest in continued employment that would trigger due process safeguards.

Civil No. 02-2162                                                              7

Hence, Cedeño's due process claim must be dismissed, as per the Magistrate-Judge's recommendations.

    B.  *First Amendment*

As to Cedeño's political discrimination claim, the Magistrate-Judge found that Cedeño failed to meet the burden of showing that her political affiliation was a substantial or motivating factor for the challenged employment action and therefore recommended that Cedeño's First Amendment claim should also be dismissed.

Cedeño objects to the Magistrate-Judge's conclusion that there was not sufficient evidence to establish a prima facie case of political discrimination.  Cedeño contends that she "does not need to produce direct evidence of politically-based discriminatory animus, inasmuch as it may be established with circumstantial evidence alone." (See Docket No. 67 at ¶5-6). Cedeño further suggests that "a highly charged political atmosphere coupled with the fact that plaintiff and defendants were of competing political persuasions might be probative of discriminatory animus." (Id.).

While the cited holdings are true, Cedeño may not use them to escape from her burden of producing sufficient evidence for the record, whether direct or circumstantial, that would permit a rational fact finder to conclude that the failure to re-hire occurred and stemmed from a politically based discriminatory animus. See Gonzalez de Blasini v. Family Dept., 377 F.3d 81, 85 (1st Cir. 2004); LaRou v. Ridlon, 98 F.3d 659, 661 (1st Cir. 1996).

Civil No. 02-2162                                                      8

Again, it is undisputed that Cedeño held an irregular or transitory position at the Department of Labor. (See Docket No. 44 at Exh. XV). The temporary appointment was to commence on March 5, 2001 and end on June 30, 2001. (Id.). At all times Cedeño was aware that her appointment was temporary in nature and that her employer could have advanced the termination date if the need for the required service or the availability of funds changed. (Id.) Notwithstanding, upon request of Cedeño's supervisor, the term of appointment was extended until September 4, 2001. (Id. at Exh. XVII). On that occasion, Cedeño was informed that pursuant to personnel laws, the extension of her temporary appointment would be a final one. (Id.). Accordingly, on September 4, 2001, Carmen Rosario, Human Resources Director, terminated Cedeño's temporary appointment.

In her opposition to defendant Rivera's Motion for Summary Judgment, Cedeño claims that she quit her job as a private security guard and accepted the irregular or transitory position expecting a permanent or regular appointment in the near future. (Docket No. 47 at ¶19). At her deposition, Cedeño stated that Mrs. Carmen Diaz, her immediate supervisor, Mrs. Carmen Rosario, the Human Resources Director, and Mrs. Ines Rodriguez, Director of the Day Care Center, all promised her that she would be appointed to the permanent position once her transitory or probationary period concluded. (Id. Cedeño's Depo. at 14). Cedeño alleges that after the employment

termination, the relevant documents for the permanent appointment were ready, but were pending Defendant Rivera's approval and signature. (Id. at 21). Upon learning that she was not going to be appointed to a regular position, Cedeño inquired the reasons for this decision. Mrs. Carmen Diaz informed plaintiff that she [Diaz] was told that the appointment would not go through because plaintiff campaigned for NPP candidate Carlos Pesquera. (Id. at 22).

Upon a de novo review of the foregoing, the Court finds that the record is devoid of sufficient evidence to establish a genuine issue of material fact as to whether Cedeño's political affiliation was a substantial or motivating factor in the adverse employment action of not re-hiring her. In fact, her only weapon against summary judgment is an inadmissible double-hearsay statement which, as the Magistrate-Judge correctly pointed out, fails to identify the declarant and, therefore, is insufficient to challenge a summary judgment motion. See Vazquez v. Lopez Rosario, 134 F.3d 28, 34 (1st Cir. 1998)(holding that unattributed statements by party-opponents cannot be admissible as the original declarant is unknown); see also Noviello v. City of Boston, 398 F.3d 76, 85 (1st Cir. 2005).

Consequently, the Court adopts the Magistrate-Judge's recommendation and dismisses Cedeño's First Amendment claim.

   2. Plaintiff Loyda Lopez

       A. *Due Process Claim*

In her objections, Lopez challenges the Magistrate-Judge's

Civil No. 02-2162                                                          10

conclusion that she held a trust position within realm of public employment and that, as such, she was not entitled to due process safeguards.  Lopez claims that she held a non-policy making position as the Director of Information Systems under the position of Executive Director II.

In Puerto Rico, "trust" positions ("confianza") are non career positions lacking the civil service protection afforded to career positions. See P.R. Laws Ann. Tit. 3, §§ 1349-51 (1978). Permanent and career positions are vested with a property interest in their continued employment; trust employees, unlike their career counterparts, may be discharged at will and without cause. Correa Martinez v. Arrillaga Belendez, 903 F.2d 49,52 (fn. 2) (1st Cir. 1990) (*citing* Rodriguez Rodriguez v. Munoz Munoz, 808 F.2d 138, 140 (1st Cir. 1986).  Trust employees are those "who intervene or collaborate substantially in the formation of the public policy who advise directly or render direct services to the head of the agency." See P.R. Laws Ann. Tit. 3, § 1350 (1978);.

Upon de novo review, the Court finds that Lopez's position as Director of Information Systems is a trust position. (See Docket No. 44 at Exhs. IX-XIV; Docket No. 38 at Exh. 29).  Therefore, as a trust employee, she does not have a constitutionally protected property interest in that position and was subject to removal "at will".  Galloza v. Foy, 389 F.3d 26, 33 (1st Cir. 2004). Lopez's claim that she held a non-policy making position is not a factor to consider for due process purposes.  Accordingly, the Court adopts

Civil No. 02-2162                                                11
the Magistrate-Judge's recommendation and dismisses Lopez's due process claim.

B. *First Amendment Claim*

As to Lopez's First Amendment claim, the Magistrate-Judge concluded that even if he assumed that Lopez had proven a valid prima facie case of political discrimination, she has failed to create an issue of fact to undermine Rivera's "but-for" defense or establish that the proffered reason for terminating her employment [the agency's employment reorganization plan] was a pretext for political discrimination. (See R&R at 3)(citing Sanchez Lopez v. Fuentes Pujols, 375 F.3d 121, 131 (1st Cir. 2004)).

In her objections, Plaintiff Lopez's purports that "a highly charged political atmosphere, coupled with the fact that plaintiff and defendants were of competing political persuasions might be probative of discriminatory animus", and therefore sufficient to establish a genuine issue of material fact which precludes summary judgment.

Lopez cites Padilla Garcia v. Rodriguez, 212 F.3d 69,75- 77 (1st Cir. 2000) to bolster her argument. In Padilla the First Circuit held that in political discrimination cases, unlike Title VII discrimination cases, the defendant bears the burden of persuading the fact finder that its proffered non-discriminatory reason is credible. Id. at 78. A plaintiff, then may discredit the proffered reason through direct or circumstantial evidence Id. In Padilla the Court found that the defendants did not produce

Civil No. 02-2162                                                          12

sufficient evidence about its proffered non-discriminatory reason [an employment reorganization plan] to foreclose the possibility that the reason was in fact used as a discriminatory tool for the adverse employment action. Id.

Padilla is, however, distinguishable from the facts at hand. Even assuming, arguendo, that Lopez has proved a prima facie case of political discrimination, the Court still finds that defendant Rivera has met his burden of proffering a non-discriminatory reason and that he would have taken the same without regard to plaintiff's political affiliation. Mt. Healthy City Bd. of Educ. v. Doyle, 429 U.S. 274, 287 (1977). In his Rule 56 (b) statement, Rivera adduces that the Department of Labor underwent a reorganization plan, as a result of a budget cut, which culminated in the elimination of Lopez's trust position. (Docket No. 38 at ¶¶ B13-18). At his deposition, Rivera testified that he decided to eliminate Lopez's position because there were two offices that were performing the same tasks. He further testified that both offices were later merged because he had budget constraints and the duplicitous efforts were not cost-efficient. (See Docket No. 44 at Exh. XIX pp. 27-41).

Upon de novo review, the Court finds that Lopez has failed to raise a genuine issue of material fact to question whether the reorganization was indeed a pretext or subterfuge for an impermissible discriminatory animus in the adverse employment action. See Rodriguez-Rios v. Cordero, 138 F.3d 22, 26 (1st Cir. 1998). Accordingly, the Court adopts the Magistrate-Judge's

recommendation and dismisses Lopez's First Amendment claim.

    3. <u>Plaintiff Kevin Valdizan</u>

    *A. Due Process Claim*

Magistrate-Judge Gelpi concluded that Valdizan's position as a Finance Director II was a "trust" position subject to at-will removal, therefore unmeritorious of a due process claim. As noted before, Valdizan failed to object to this portion of the Report and Recommendation. After a <u>de novo</u> review of this portion, the Court finds no clear error of law or fact in the Magistrate-Judge's findings. Accordingly, the Court adopts the findings and dismisses Valdizan's due process claim.

    *B. First Amendment Claim*

Magistrate-Judge Gelpi recommended that Valdizan's political discrimination should survive summary judgment, finding that there were factual disputes and credibility issues which a jury, and not the Court, should decide. The Magistrate-Judge further concluded that defendant Rivera was not shielded by the qualified immunity defense. Naturally, Rivera filed objections to the Magistrate Judge's recommendations. (Docket No. 62).

Rivera contends that 1) there are no "genuine" or "material" issues of fact that preclude summary judgment as to Valdizan's <u>prima facie</u> case, 2) he has a valid <u>Mount Healty</u> defense, and in the alternative, 3) that he is entitled to a qualified immunity defense. The Court shall now address these objections.

Civil No. 02-2162                                                  14

   a. *Valdizan's prima facie case and Rivera's Mt. Healthy defense*

   Magistrate-Judge Gelpi concluded that Rivera's contention that he was unaware of Valdizan's political affiliation was sufficiently countered by a statement made by Human Resources Director, Carmen Rosario.  At his deposition, Valdizan stated that Rosario told him that all employees in the School to Work Program could be freely removed because they had been appointed by the previous NPP administration. (See Docket No. 38 Valdizan's SCF at 9).[1]

   Rivera claims that Rosario's purported statement, even if taken as true, does not create a "genuine" or "material' factual issue for summary judgment purposes.  Rivera contends that the only reasonable inference that a fact finder could draw from this statement is that Mrs. Rosario, and not Rivera, knew that Valdizan was appointed by the previous NPP administration.  Rivera further contends that even if admissible, the statement would not establish liability under 42 U.S.C. §1983, given that he may only be found liable on the basis of his own actions or omissions. citing Figueroa v. Aponte-Roque, 864 F.2d 947, 953 (1st Cir. 1998).

   Should this case be tried before a jury, the statement-at-issue would fall within the admission of party-opponent exception to the

---

[1] The deposition testimony reads as follow: "Listen, Kevin, let me tell you one thing, you [School to Work employees] are all "trust" employees appointed by the previous administration. The Secretary of the Department of Labor could have had you removed since January 1st, 2001.  You should consider the work you have done for past eight months under this new administration as a blessing." (our translation)

Civil No. 02-2162                                                           15

hearsay rule. See Fed.R.Evid.801(d)(2).[2] As a general rule, relevant admissions of a party, whether consisting of oral or written assertions or nonverbal conduct, are admissible when offered by an opponent. 30B Michael Graham, Federal Practice and Procedure § 7015 (2000). In this case, the declarant, Mrs. Rosario, is not a party to this action, therefore, the Court must assess whether her statement is vicariously admissible against Rivera.

The Federal Rules of Evidence provide, inter alia, that a statement is not hearsay if such statement is offered against a party in a cause of action and it is a statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship. See Fed.R.Evid. 801(d)(2)(D). The First Circuit has expressed that "to qualify as nonhearsay under Rule 801(d)(2)(D), a statement must concern "a matter within the scope" of the declarant's agency or employment. The statement itself is not required to be within the scope of the declarant's agency. Rather, it need only be shown that the statement be related to a matter within the scope of the agency." Larch v. Mansfield Mun. Elec. Dept., 272 F.3d 63, 72 (1st Cir. 2001)(internal quotations omitted) citing 5 Jack B. Weinstein & Margaret A. Berger, Weinstein's Federal Evidence, § 801.33[2][c],

---

[2] Although originally an exception to the hearsay rule, admissions by a party opponent are now excluded from the category of hearsay on the theory that their admissibility in evidence is the result of the adversary system rather than satisfaction of the conditions of the hearsay rule. Fed.R.Evid. 801(d)(2) Advisory Committee's Note.

Civil No. 02-2162                                                              16

at 801-69 (2d ed.2001). Accordingly, the Court finds that Mrs. Rosario's statement was related to a matter within the scope of her functions as Human Resources Director [explaining the reasons for the dismissal of an employee] and therefore admissible against Mr. Rivera. See Larch, 272 F.3d at 73.(where the Court reasoned that while the declarant's job description did not include making life miserable for the Electric Department, the statements were related to a matter within the scope of his employment: oversight of the department).

   Therefore, under the agency theory established under Rule 801(d)(2)(D), Mrs. Rosario's statement controverts Rivera's contention that he was unaware of Valdizan's political affiliation at the moment of dismissal. Therefore, summary judgment is not appropriate because Valdizan has established a genuine issue of material fact for the jury, and not the Court, to decide whether Valdizan's dismissal was substantially motivated by his political affiliation.

   Mrs. Rosario's aforementioned statement, coupled with Rivera's deposition testimony where he states that he relied upon verbal recommendations made by Mrs. Rosario to remove Valdizan, and his hostile co-worker, from employment pose enough circumstantial evidence to create a genuine issue of material fact as to Rivera's Mt. Healthy defense that he only relied on the fight-incident to

Civil No. 02-2162                                                    17

dismiss Valdizan. (See Docket No. 47. Def's. deposition at pp. 5-7).[3]

Upon de novo review, the Court adopts the foregoing portion of the Report and Recommendation and therefore denies Rivera's summary judgment with respect to plaintiff Valdizan's First Amendment claim.

b. *Rivera's qualified immunity defense*

It is well settled that political patronage restrains core activities protected by the First Amendment, such as the freedom of belief and association. Padilla Garcia, supra. More so, it has been clearly established by the Supreme Court that an employee may not [except under the Elrod-Branti exception] be discriminated on the basis of his First Amendment right to political affiliation. Rutan v. Political Party of Illinois, 497 U.S. 62 (1990).

Here, plaintiff Valdizan has established sufficient facts to establish a prima facie case of political discrimination and survive

---

[3]It is important to note that Rivera alternatively asserts that Valdizan holds a policy-making "trust" position that falls under the Elrod-Branti exception. Branti v. Finkel, 445 U.S. 507 (1980); Elrod v. Burns, 427 U.S. 347 (1979) (where a policy making employee may be removed even based on political reasons). In his Report and Recommendation, Magistrate-Judge Gelpí found that Valdizan's position dealt with the formulation and implementation of public policy. However, Valdizan's position is supervised by an executive director of the School to Work program, which prevents the Court from finding that Valdizan's Finance Director II position is an Elrod-Branti position. The Magistrate-Judge recommended an evidentiary hearing to further probe whether (i) plaintiff supervised others, (ii) whether he was appointed without any competition and/or interview process, (iii) the exact duties of the position; and, (iv) whether his decisions must always be reviewed and approved by the Executive Director. Reyes Canada v. Rey Hernandez, 340 F.Supp.2d 142 (D.P.R. 2004). The Court has reviewed this portion without the benefit of a proper objection and concludes that such a the Court shall refer to Magistrate Judge Gelpi so he can set a hearing on this issue a report and recommendation.

Civil No. 02-2162                                                          18

summary judgment. There being issues of fact regarding the existence of political discriminatory animus and as to whether Rivera, as a reasonable officer, knew or reasonably should have known that the challenged action violated the constitutional right at issue, the Court may not grant, at this moment, qualified immunity protection. <u>Mihos v. Swift</u>, 358 F.3d 91, 103-4 (1st Cir. 2004).

### CONCLUSION

In light of the foregoing, the Court **fully adopts** the Report and Recommendation and therefore **dismisses** all claims against defendant Victor Rivera, except for plaintiff Kevin Valdizan's First Amendment claim. This case is remanded to a Magistrate Judge Gelpi for him to set the <u>Elrod-Branti</u> hearing and issue a Report and Recommendations

The Court finds that counsel for plaintiffs has not followed proper Court procedure. Not only did plaintiffs filed its response to defendant's summary judgment without seeking leave to submit Spanish language documents, but seventeen (17) months have passed without duly receiving certified translations of the documents attached thereto. <u>See</u> Local Rule 10 and 43.  Plaintiffs are hereby ordered to supplement the record and submit certified translations of **ALL** the documents attached to its response on or before July 29, 2005. The Court has been overindulgent in entertaining plaintiffs response. Failure to comply with this deadline shall result in sanctions.

Civil No. 02-2162                                                        19

    IT IS SO ORDERED.

    In San Juan, Puerto Rico, this 1st day of July, 2005.


                                                <u>s/ Jay A. Garcia-Gregory</u>
                                                JAY A. GARCIA-GREGORY
                                                United States District Judge